**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1545-18T4

KISHA MANLEY,

      Plaintiff-Appellant,

v.

ZIP LUBE OF BROAD STREET,[1]

      Defendant-Respondent.

_____

Submitted November 20, 2019 — Decided December 6, 2019

Before Judges Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7429-16.

Law Offices of Elliott Malone, LLC, attorney for appellant (Elliott Malone, of counsel and on the briefs; Paul Nicholas DePetris, on the briefs).

Steven C. Schechter, attorney for respondent.

PER CURIAM

---

[1] Defendant Zap Lube of Broad Street was improperly named as "Zip Lube of Broad Street" in plaintiff's complaint.

Plaintiff Kisha Manley appeals from an October 26, 2018 order barring her expert's testimony, granting defendant Zip Lube of Broad Street summary judgment dismissal of her complaint, and denying her cross-motion to extend discovery. We affirm.

In 2015, plaintiff took her vehicle to defendant for an oil change. Approximately six days later she began experiencing problems with the vehicle's acceleration, and the engine made noise. Plaintiff took her car to Norfolk Tire Plus (NTP), who replaced her transmission fluid because it was low. Plaintiff continued to have problems and took her vehicle to Lynnes Nissan, which confirmed a problem with the transmission. Plaintiff's vehicle broke down nearly three weeks later and remained inoperable.

In October 2016, plaintiff filed a complaint against defendant, asserting: breach of contract, violation of the covenant of good faith and fair dealing, careless contractual work, violation of the implied warranty of good workmanship, and violation of the Consumer Fraud Act. The court assigned the case to track III and allotted 300 days for discovery. The parties exchanged written discovery, and plaintiff served an expert report prepared by Leo Shatkin, an automotive expert. Plaintiff filed a motion to extend discovery, which the court granted, extending discovery for a third time to August 27, 2018.

In September 2018, the court issued a trial notice for December 3, 2018. Shortly after receiving the trial notice, defendant filed a motion to strike plaintiff's expert report and testimony, and for summary judgment. Plaintiff filed a cross-motion to re-open and extend discovery.

The motion judge issued a written opinion in which he concluded the expert report inadmissible net opinion because

> Shatkin bases [his] opinion on [p]laintiff's first amended complaint, the invoice from [defendant] . . . the invoice from [Lynnes] Nissan . . . , a receipt from NTP . . . and a discussion he had with the plaintiff. . . . At no point in the report does . . . Shatkin ever mention a treatise that uses his reliable methods, and he provides absolutely no objective support for these assertions.

The motion judge also found Shatkin's report contained basic contradictions. The judge noted, "Shatkin states that 'a close inspection of the transmission area' did not show signs of leaks, despite the fact that . . . Shatkin never actually inspected the car."

The judge concluded Shatkin

> offers no objective standard of care and makes conclusory statements devoid of factual support that [defendant's] alleged improper service of [p]laintiff's transmission was the 'most probable' cause of the damage. This expert report is comprised entirely of personal standards without reference to any of the reliable principles and methods . . . Shatkin states he

3

A-1545-18T4

used and would do little to aid the jury in evaluating this case.

The judge granted defendant's motion for summary judgment and denied plaintiff's discovery motion as moot.

I.

We review an order granting summary judgment de novo. See Graziano v. Grant, 326 N.J. Super. 328, 338 (App. Div. 1999). On appeal of a grant of summary judgment, we apply the same standard as the trial court. R. 4:46-2. We look at all the evidence submitted in the "light most favorable to the non-moving party," and determine if the moving party is entitled to summary judgment as a matter of law. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The court may not weigh the evidence and determine the truth of the matter. Ibid. The court's role is to determine whether there is a genuine issue for trial. Ibid. A party moving for summary judgment must show there is no genuine issue as to any material fact challenged and that he or she is entitled to a judgment or order as a matter of law. R. 4:46-2(c). However, there are cases where the evidence "is so one-sided that one party must prevail as a matter of law." Brill, 142 N.J. at 540 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). "[W]e apply an abuse of discretion standard to decisions

4

made by our trial courts relating to matters of discovery." Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011).

Plaintiff argues the motion judge erred when he held she needed an expert to proceed on her claims. She states she was competent to testify to the money she paid to have her car fixed and her lost wages and did not require an expert to establish these claims. She claims she could prove defendant caused the damage to her vehicle through circumstantial evidence, namely, that her car worked before she gave it to defendant but did not afterwards. Plaintiff argues she established her CFA claims because defendant sold her services it did not perform. She argues the judge erred when he concluded her expert rendered a net opinion.

Plaintiff also argues the motion judge rewarded defendant for failing to comply with discovery by entering summary judgment before defendant was deposed. She asserts the refusal to extend discovery was reversible error.

II.

We affirm the entry of summary judgment in favor of defendant for the reasons expressed in the motion judge's thorough and well-reasoned opinion. Our de novo review of the record confirms Shatkin's report was an inadmissible net opinion.

A-1545-18T4

Furthermore, we reject plaintiff's arguments she could prove causation and liability without a valid expert opinion. We agree with the motion judge that expert testimony was necessary. Indeed, the judge stated:

> The mechanics of automobile repair and maintenance are not common knowledge of the average juror. . . . However . . . Shatkin offered nothing more than bare assertions that [defendant] was the cause of [p]laintiff's transmission failure and did not provide any explanation of an objective standard of care against which his methodology could be tested. . . . Without the expert report establishing a standard of care against which [defendant's] conduct can be measured and to ensure the jury was well informed enough to make a decision, any genuine disputes as to material facts become nonexistent. Plaintiff's case simply cannot be presented to a jury without an expert who can testify as to the appropriate standard of care in the industry of automotive mechanics because a fact finder would be forced to base his conclusion on pure speculation which is unacceptable.

Lastly, the judge did not abuse his discretion when he denied plaintiff's cross-motion to re-open and extend discovery. Shatkin's net opinion was fatal to plaintiff's ability to prove her claims. Moreover, the report did not indicate he was lacking information to render an opinion. Therefore, deposing defendant would not change the fact Shatkin's report was a net opinion.

Regardless, plaintiff filed her cross-motion two years after the complaint. The motion came fifty days after the discovery end date, which the court had

6

already extended three times. Moreover, plaintiff's cross-motion did not address or explain any extraordinary circumstances necessary to extend discovery further. R. 4:24-1(c).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1545-18T4